## EDWIN L. GOWEN

*v.*

## EDWARD KEHOE.

1. LAW AND FACT. Whether certain facts constitute a sale or not, is a question of law, and it is proper to instruct the jury, if the facts were so and so, then there was a sale.

2. SALE—*condition may be waived.* Although a sale may be dependent upon a condition, the condition may be subsequently waived by the party imposing it, and thus render the sale absolute, and this may be determined from the subsequent circumstances.

3. EVIDENCE—*preponderance does not depend altogether on number of the witnesses.* Although the testimony may be equally balanced, so far as the number of the witnesses is concerned, that alone is not sufficient to prevent a recovery, for the surrounding circumstances to be considered may turn the balance one way or the other.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. S. M. DAVIS, for the appellant.

Mr. T. A. MORAN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, on the common counts, in the Superior Court of Cook county, and general issue pleaded. The trial resulted in a verdict and judgment for the plaintiff, to reverse which the defendant appeals.

The claim of plaintiff was based on the sale of a three-story brick building, belonging to plaintiff, standing on a leased lot, and which plaintiff was preparing to move to another lot. The workmen were engaged in moving the building late in September, 1871, when, it is claimed by plaintiff, the defendant purchased the building of him, and, after the purchase, took the control of the building and of the workmen engaged in moving it.

The defendant claims the sale was conditional, not absolute—conditioned that plaintiff should show he was the owner, and there were no liens upon the building. The sale was made on time, and the building was destroyed by the great fire of October 9, 1871. This was the question before the jury: was the sale absolute or conditional? The evidence is somewhat conflicting. but we are inclined to think it preponderates in favor of the plaintiff. If we were not of this opinion, still, under repeated rulings of this court, we would not, in such a conflict, disturb a verdict, unless it was clearly against the weight of evidence.

Appellant claims, if the jury had been properly instructed, the verdict would have been in his favor.

We have examined the instructions given on both sides, and, taken together, they state the law accurately. Those given for plaintiff are hypothetical—if the facts are so and so. then there was a sale. Whether certain facts constitute a sale or not, is a question of law. Suppose the jury had rendered a special verdict, finding the facts supposed in the instructions, it would then be the duty of the court to pronounce the law. The court would be required to say, these facts do or do not make a sale.

We think the modification made to appellant's first and second instructions was proper, for without it the jury would be misled. It might be, the contract of sale did, when first made, have a condition attached, but such condition might be waived by the party imposing it. This was to be determined by subsequent circumstances; hence the propriety of the modification. These considerations apply also to the second instruction asked by appellant.

There was no error in refusing appellant's last instruction, for, if given, it could not have failed to have misled the jury. It rested with the defendant to show the sale was conditional. Though the testimony may be equally balanced, so far as numbers are concerned, that alone is not sufficient to prevent a recovery, for the surrounding circumstances are to be con-

sidered by the jury, and they will incline the balance one way or the other. If this cause was left on the oral testimony, it might be claimed the preponderance was with the appellant, but the after circumstances proved would disturb that balance.

Had not the great fire destroyed this property, this case would probably have never found its way into this court.

Something is said about the goods of appellee being in the house after the alleged sale, and destroyed by the fire, and on which appellee received the insurance.

It appears the goods were so left by the consent of appellant.

On the whole record, we see justice has been done, and must affirm the judgment.

*Judgment affirmed.*